IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHVILLE DIVISION

Case No.: 1:25-cv-00012

| CHW, LLC, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| v. | ) **(Jury Trial Demanded)** |
| | ) |
| ENNEADS CORPORATION, | ) |
| | ) |
| Defendant. | ) |

Plaintiff CHW, LLC ("CHW") brings this action pursuant to 15 U.S.C. §§ 1114, 1125(a), and 1119, the common law, and N.C. Gen. Stat. § 75-1.1, *et seq.*, seeking injunctive relief, cancellation of registrations, and damages against Defendant Enneads Corporation ("Enneads") for trademark infringement, dilution, and related claims.

## PARTIES

1. CHW is a Delaware limited liability company with a principal place of business in Charlotte, North Carolina.

2. On information and belief, Enneads is a Delaware corporation with a principal place of business in New York.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a)–(b), and 1367.

4. On information and belief, Enneads has and continues to regularly and intentionally conduct business in this District and Division by, *inter alia*, offering for sale, selling, and distributing goods bearing the infringing marks nationwide, including within this District and

1

Division. Upon information and belief, Enneads sells its goods bearing the infringing marks via Walmart.com, physical pop-up stores, Enneads' online retail website at https://www.amour-cache.com/, and various third-party retailers, including through third-party retailer Haley's Fine Lingerie, located at 468 Carolina Way, Highlands, North Carolina 28741.

5. Attached as **Exhibit 1** are examples of Enneads offering its goods for sale throughout the United States, including within this District and Division.

6. Accordingly, this Court has personal jurisdiction over Enneads consistent with the principles underlying the U.S. Constitution and N.C. Gen. Stat. § 1-75.4.

7. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

*CHW's Business and Trademarks*

8. CHW sells a variety of retail clothing and fashion accessories, including, without limitation, ladies' accessories, blouses, bottoms, footwear, gifts, hosiery, jackets, jeans, jewelry, pants, perfumes, purses, scarves, shirts, socks, sportswear, sunglasses, sweaters, tops, and undergarments.

9. Since 1975, CHW, its predecessors(s)-in-interest, and/or its related companies have offered goods and services under the trademarks and service marks CACHE and/or CACHÉ in commerce in the United States.

10. CHW is the owner of common-law rights in the CACHE and CACHÉ marks (collectively, the "CACHÉ Marks"). Since at least as early as 1975, the CACHÉ Marks have been used throughout the United States by CHW, its predecessors(s)-in-interest, and/or its related companies in connection with marketing, distributing, offering for sale, and selling clothing,

fashion, and fashion accessories, and providing retail and online store services in connection therewith (collectively, "CHW's Goods and Services").

11. The U.S. Patent and Trademark Office issued to CHW several registrations on the Principal Register for the CACHÉ Marks in connection with CHW's Goods and Services, including, without limitation, the registrations listed in **Exhibit 2** attached hereto and incorporated by reference herein ("CHW's U.S. Registrations").

12. CHW's U.S. Registrations are valid and subsisting in law, were duly and legally issued, and constitute *prima facie* evidence of the validity of the registered CACHÉ Marks and the corresponding CHW's U.S. Registrations, of CHW's claim of ownership of the registered CACHÉ Marks, and of CHW's exclusive right to use the registered CACHÉ Marks in U.S. commerce on or in connection with CHW's Goods and Services recited in the corresponding CHW's U.S. Registrations pursuant to Section 7(b) of the Trademark Act of 1946 (the "Act"), 15 U.S.C. § 1057(b).

13. CHW's U.S. Registrations constitute constructive notice of CHW's claim of ownership of the respective registered CACHÉ Marks pursuant to Section 22 of the Act, 15 U.S.C. § 1072.

14. In addition to being inherently distinctive, CHW's CACHÉ Marks have also acquired secondary meaning through CHW's, its predecessors(s)-in-interest's, and/or its related companies' extensive use of the same in connection with the marketing, distributing, offering for sale, and selling of CHW's Goods and Services. As such, CHW has built significant and valuable goodwill in its CACHÉ Marks, and the purchasing public recognizes and associates the CACHÉ Marks with CHW and CHW's Goods and Services.

3

15. As a result of CHW's wide-spread advertising, promotion, and use of the CACHÉ Marks, CHW's CACHÉ Marks have become famous and have acquired a special and particular significance and very valuable goodwill in identifying CHW's Goods and Services.

16. As indicated in **Exhibit 2**, all of CHW's U.S. Registrations for its CACHÉ Marks are incontestable pursuant to Section 15 of the Act, 15 U.S.C. § 1065, and thereby, pursuant to Section 33(b) of the Act, 15 U.S.C. § 1115(b), constitute *conclusive* evidence of the validity of such registered CACHÉ Marks and corresponding CHW's U.S. Registrations, CHW's ownership of such registered CACHÉ Marks, and CHW's exclusive right to use such registered CACHÉ Marks in commerce in the United States on or in connection with CHW's Goods and Services recited in the corresponding registrations.

*Enneads' Business and Trademarks*

17. On information and belief, Enneads was issued U.S. Service Mark Registration No. 6,496,284 ("the '284 Registration," attached hereto as **Exhibit 3**) for the mark AMOUR CACHÉ on September 28, 2021, from Application Serial No. 88/943,362 filed on June 2, 2020. The '284 Registration recites services of "On-line retail store services featuring women's intimate apparel" in International Class 35. The '284 Registration claims a date of first use in U.S. commerce of November 18, 2020.

18. On information and belief, Enneads was also issued U.S. Trademark Registration No. 6,496,283 ("the '283 Registration," attached hereto as **Exhibit 4**) (collectively with the '284 Registration, "Enneads' Registrations") for the mark AMOUR CACHÉ on September 28, 2021, from Application Serial No. 88/943,356 filed on June 2, 2020. The '283 Registration recites goods of "Bras; Panties" in International Class 25. The '283 Registration claims a date of first use in U.S. commerce of November 18, 2020.

4

19. On information and belief, Enneads filed Application Serial No. 97/365,600 on April 15, 2022, to register the mark AMOUR CACHÉ in stylized form ("Enneads' Application," attached hereto as **Exhibit 5**) under Section 1(a) of the Act, 15 U.S.C. § 1051(a), with a claimed date of first use in U.S. commerce of September 1, 2021, in connection with:

> Bralettes; Bras; Brassieres; Underwear; Baseball caps; Garter belts; Maternity bras; Nursing bras; Panties, shorts and briefs; Removable breast enhancer pads used in bras or swimsuits; Strapless bras; Thong underwear; Women's underwear; Woven or knitted underwear

in International Class 25 (collectively with the goods and services recited in Enneads' Registrations, "Enneads' Goods and Services").

20. The marks that are the subject of Enneads' Registrations and Enneads' Application are collectively referred to herein as the "AMOUR CACHÉ Mark."

21. Enneads' AMOUR CACHÉ Mark is highly similar to CHW's CACHÉ Marks in appearance, sound, and overall commercial impression.

22. Enneads' Goods and Services are nearly identical to, overlap with, and/or are related to CHW's Goods and Services.

23. On information and belief, Enneads' Goods and Services are and/or are expected to be marketed to similar consumers and distributed through similar channels of distribution as CHW's Goods and Services.

*Related Proceedings*

24. On July 12, 2023, CHW initiated Consolidated Cancellation No. 92082757 and Opposition No. 91286027 (collectively, "TTAB Proceedings") against Enneads' Registrations and Enneads' Application, respectively, before the Trademark Trial and Appeal Board, on the basis of likelihood of confusion with CHW's Registrations.

5

25. The TTAB Proceedings were suspended pending the disposition of a separate Trademark Trial & Appeal Board proceeding. That separate proceeding has since concluded, and the TTAB Proceedings resumed on December 17, 2024.

## COUNT I
### Trademark Infringement – 15 U.S.C. § 1114

26. CHW realleges and incorporates by reference the foregoing paragraphs.

27. CHW owns valid and enforceable rights in the CACHÉ Marks, as reflected in CHW's Registrations, and has the exclusive right to use the CACHÉ Marks in commerce in connection with CHW's Goods and Services.

28. Enneads has, without CHW's consent, used in United States commerce the highly similar AMOUR CACHÉ Mark in a manner that is likely to cause confusion, or to cause mistake, or to deceive, in violation of 15 U.S.C. § 1114(1)(a).

29. There is no issue as to priority of use. Prior to Enneads' (i) filing the applications that resulted in the issuance of Enneads' Registrations, (ii) filing the Enneads' Application, and (iii) claimed dates of first use of the AMOUR CACHÉ Mark in U.S. commerce in connection with Enneads' Goods and Services, CHW's CACHÉ Marks were used throughout the United States in connection with goods and services that are the same as, similar to, overlap with, and/or are related to Enneads' Goods and Services.

30. As a result of the similarity of the parties' marks, and the overlapping nature of the parties' goods and services, relevant markets, and channels of distribution and/or consumers, the concurrent registration of Enneads' AMOUR CACHÉ Mark in connection with Enneads' Goods and Services and of CHW's CACHÉ Marks in connection with CHW's Goods and Services is likely to cause confusion, deception, and/or mistake as to source, and will result in irreparable damage to CHW as a result of the likelihood of confusion pled herein.

31. On information and belief, Enneads' actions have been and continue to be intentional, willful, and in complete disregard of CHW's rights.

32. Enneads' infringing activities have and continue to cause damage to CHW, by, *inter alia*, harming CHW's sales, CHW's goodwill, and the reputation of CHW.

33. Enneads' unlawful conduct has irreparably harmed CHW, and CHW has no adequate remedy at law to redress these injuries.

34. CHW is entitled to monetary damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117.

## COUNT II
### Unfair Competition – 15 U.S.C. § 1125(a)

35. CHW realleges and incorporates by reference the foregoing paragraphs.

36. Enneads' use in United States commerce of the AMOUR CACHÉ Mark in connection with ladies' apparel is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Enneads with CHW, or as to the origin, sponsorship, or approval of such Enneads' goods by CHW, in violation of 15 U.S.C. § 1125(a)(1)(A).

37. Enneads has competed unfairly with CHW and realized unjust profits as a result of its unfair competition.

38. Enneads has knowingly and willfully infringed CHW's rights in the CACHÉ Marks by virtue of Enneads' use in United States commerce of the AMOUR CACHÉ Mark in connection with ladies' apparel.

39. As a result of Enneads' acts of unfair competition as alleged herein, CHW has and continues to suffer damages, including lost sales and lost profits, and irreparable injury to CHW's reputation and goodwill.

40. CHW is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. § 1117.

## COUNT III
### Trademark Dilution – 15 U.S.C. § 1125(c)

41. CHW realleges and incorporates herein by reference the foregoing paragraphs.

42. CHW, its predecessors(s)-in-interest, and/or its related companies have offered goods and services under the CACHÉ Marks in the United States since 1975.

43. The CACHÉ Marks are famous in connection with various women's apparel and accessories and are widely recognized by consumers and competitors as identifying CHW's Goods and Services.

44. Enneads' unauthorized use of the AMOUR CACHÉ Mark began well after CHW's CACHÉ Marks had become famous, and demonstrates an intentional, willful, and malicious intent to trade on the goodwill associated with the CACHÉ Marks.

45. Enneads' unauthorized use of the AMOUR CACHÉ Mark dilutes, and is likely to continue to dilute, the distinctiveness of the CACHÉ Marks by eroding the public's exclusive identification of the famous CACHÉ Marks with CHW and by tarnishing and degrading the positive associations and goodwill of the same, and Enneads' continued unauthorized use will continue to have an adverse effect upon the value and distinctive quality of the CACHÉ Marks. Enneads' acts blur and tarnish the distinctive character and quality of the CACHÉ Marks and are likely to continue doing so in violation of 15 U.S.C. § 1125(c).

46. CHW has been, is now, and will continue to be irreparably injured and damaged by Enneads' aforementioned acts, and unless enjoined by the Court, CHW will suffer further harm to its name, reputation and goodwill. This harm constitutes an injury for which CHW has no adequate remedy at law.

## COUNT IV
**Unfair and Deceptive Trade Practices – N.C. Gen. Stat. § 75-1.1 *et seq.***

47. CHW realleges and incorporates herein by reference the foregoing paragraphs.

48. Enneads' acts alleged herein have been and continue to be willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

49. Enneads' conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices within the meaning of N.C. Gen. Stat. § 75-1.1 and North Carolina common law.

50. CHW has been and continues to be damaged by Enneads' conduct and is entitled to monetary and injunctive relief pursuant to N.C. Gen. Stat. § 75-1.1 *et seq.* and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to CHW by Enneads' unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Enneads, attorney's fees and costs pursuant to N.C. Gen. Stat. § 75-16.1, and treble damages pursuant to N.C. Gen. Stat. § 75-16, together with any and all amounts to be shown at trial.

51. Unless enjoined by this Court, Enneads will continue said deceptive trade practices, thereby deceiving the public and causing CHW immediate and irreparable injury for which it has no adequate remedy at law.

## COUNT V
**Common-Law Trademark Infringement**

52. CHW realleges and incorporates herein by reference the foregoing paragraphs.

53. CHW owns common-law rights in the CACHÉ Marks by virtue of CHW's longstanding use and recognition by the public.

54. Enneads has and continues to, without CHW's consent, use in United States

commerce the AMOUR CACHÉ Mark in connection with the advertisement, distribution, offer for sale, and/or sale of ladies' apparel in a manner that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Enneads with CHW, or as to the origin, sponsorship, or approval of Enneads' Goods and Services by CHW.

55. By using the AMOUR CACHÉ Mark in connection with goods and services substantially similar and identical to those offered by CHW, to similar consumers in the same channels of trade, Enneads has and continues to infringe upon CHW's rights in the CACHÉ Marks.

56. As a result of Enneads' infringement, Enneads has been and continues to be unjustly enriched, and CHW has and continues to suffer damages, including lost sales, lost profits, and lost goodwill.

57. Enneads' infringement of CHW's rights in the CACHÉ Marks has and continues to cause irreparable injury to CHW's reputation and goodwill.

58. CHW is entitled to monetary damages in an amount to be proven at trial.

## COUNT VI
**Cancellation of Registrations and Rejection of Application – 15 U.S.C. § 1119**

59. CHW realleges and incorporates herein by reference the foregoing paragraphs.

60. Enneads' Registrations should be cancelled, and Enneads' Application should be rejected, due to (i) the likelihood of confusion between CHW's CACHÉ Marks for CHW's Goods and Services and the marks set forth in Enneads' Registrations for Enneads' Goods and Services, and (ii) the dilution of CHW's CACHÉ Marks.

61. This Court has the power to "determine the right to registration" and "order cancellation of registrations." 15 U.S.C. § 1119.

62. This Court should order the cancellation of Enneads' Registrations and the rejection of Enneads' Application pursuant to 15 U.S.C. § 1119.

**Jury Demand**

63. CHW demands a trial by jury on all issues so triable.

**WHEREFORE**, CHW respectfully requests that the Court:

A. Permanently enjoin Enneads, its officers, agents, representatives, employees, and those persons acting in concert or participation with Enneads, from using the AMOUR CACHÉ Mark, and any other mark, word, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect to CHW's CACHÉ Marks, pursuant to 15 U.S.C. § 1116(a);

B. Cancel Enneads' Registrations and order the rejection of its Application;

C. Order Enneads to pay all actual damages suffered by CHW as a result of Enneads' infringing activities, pursuant to 15 U.S.C. § 1117(a), N.C. Gen. Stat. §§ 75-1.1, *et seq.*, and other applicable law;

D. Order Enneads to disgorge all profits attributable to Enneads' infringing activities, pursuant to 15 U.S.C. § 1117(a) , N.C. Gen. Stat. §§ 75-1.1, *et seq.*, and other applicable law;

E. Grant CHW a monetary award against Enneads to account for Enneads' unlawful conduct;

F. Grant CHW actual damages, treble damages, enhanced damages, and attorney's fees due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Enneads, pursuant to 15 U.S.C. § 1117(a) and (b), N.C. Gen. Stat. §§ 75-1.1, *et seq.*, and other applicable law;

G. Order that Enneads pay the costs of this action, pursuant to 15 U.S.C. § 1117(a), N.C. Gen. Stat. §§ 75-1.1, *et seq.*, and other applicable law;

H. Grant CHW equitable relief in order to stop the harm caused to CHW;

I. Grant CHW pre-judgment and post-judgment interest; and

J. Grant such other and further relief as this Court deems just and equitable.

Date: January 15, 2025

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Matthew S. DeAntonio*
Matthew S. DeAntonio
Sarah Beth Cain
Bradley Arant Boult Cummings LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Telephone: (704) 338-6019
Emails: mdeantonio@bradley.com
scain@bradley.com

*Attorneys for Plaintiff CHW, LLC*